UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RUTH RODRIGUEZ RESTO,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil No. 05-2086 (JAF)

**O R D E R**

Plaintiff, Ruth Rodríguez Resto, has filed a petition pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2003 & Supp. 2005), requesting that we review the final decision of the Commissioner of the Social Security Administration ("government") denying her disability insurance benefits.

Plaintiff was denied disability insurance benefits under Title II of the Social Security Act by an Adminstrative Law Judge ("ALJ") on March 22, 2005. Social Security's Appeals Council refused to review the ALJ decision on July 29, 2005. Plaintiff filed this action on October 12, 2005, seeking review of the denial. Docket Document No. 2.

The government filed a motion to dismiss on December 27, 2005. Docket Document Nos. 8,9. No opposition has been filed.

The government argues that Plaintiff's complaint must be dismissed, as it was filed outside of the sixty-day statute of

Civil No. 05-2086 (JAF)                                                    -2-

limitations set for such actions by the Social Security Act.  <u>Docket Document Nos. 8,9</u>.

The Social Security Act permits an individual to obtain review of "any final decision of the Commissioner of Social Security" in a United States District Court so long as she commences the action "within sixty days after the mailing to [her] of notice of such decision."  42 U.S.C. § 405 (g).

The Appeals Council's July 29, 2005, refusal to review the ALJ decision is the "final decision" that began to run the sixty-day statute of limitations against Plaintiff in this case.  20 C.F.R. § 422.210(c)(defining an appeals council denial of review as a "final decision" for the purposes of a plaintiff's petition to have a denial of benefits reviewed by a United States District Court).

The government importantly observes that Section 405(g) did not permit the sixty-day limitations period to begin running against Plaintiff until after the Appeals Council's July 29, 2005, decision had been mailed to her.  <u>42 U.S.C. § 405(g)</u>.  Because Social Security regulations dictate that mailing time "shall be presumed to be 5 days after the date of such notice," we hold that the sixty-day limitations period in this case began to run on August 3, 2003.  20 C.F.R. § 422.210 (c).

Sixty days later, on October 3, 2005, the limitations period tolled.  Plaintiff waited until October 12, 2005, to file her complaint, which was nine days too late.

Civil No. 05-2086 (JAF)                                                    -3-

We have nothing further to consider because Plaintiff has not opposed the government's statute-of-limitations challenge.  For the reasons stated herein, we **GRANT** the government's motion to dismiss Plaintiff's complaint. Judgment shall be entered dismissing the present case.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of March, 2006.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                               Chief U. S. District Judge